COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


BERNARD LEE BROWN

v.          Record No. 1720-94-1          MEMORANDUM OPINION*
                                          BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                     NOVEMBER 14, 1995


           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                         John K. Moore, Judge

               Nancy E. Kight (Office of the Public Defender,
               on brief), for appellant.

               Richard B. Smith, Assistant Attorney General
               (James S. Gilmore, III, Attorney General, on brief),
               for appellee.


     Bernard Lee Brown (appellant) appeals from a judgment of the

Circuit Court of the City of Virginia Beach that approved a jury

verdict convicting him for possession of marijuana with intent to

distribute.  The sole issue presented is whether the trial court

erred when it denied appellant's motion for a rehearing of a

suppression motion that the trial court denied prior to his trial

on the merits of his case.  Finding no error, we affirm the

judgment of the trial court.

     Upon familiar principles, we view the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  Higginbotham v.
Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

_____
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On August 5, 1993, three Virginia State Troopers went to appellant's residence to arrest him on two felony warrants. After arresting appellant, the officers conducted a "protective sweep" of the house. During the sweep they found a bag of marijuana in plain view, and additional marijuana was found during a subsequent consent search. Appellant was charged with possession of marijuana with intent to distribute.

Appellant's motion to suppress the evidence was denied. At the suppression hearing, only Troopers Blackman, Rice, and DeFlippo testified. They stated that Trooper Rice knocked on appellant's door and asked the man who answered the door if he was appellant. The man said, "Yes," and Rice, followed by DeFlippo, went into the foyer, placed appellant under arrest on the warrants and handcuffed him. Troopers Rice and DeFlippo then moved appellant into the living room area. Troopers Blackman and DeFlippo conducted a protective sweep of the house to make sure that no one else was there who might pose a threat.

Upstairs, Trooper Blackman found a bag of marijuana lying in plain view on the floor. The protective sweep lasted no more than "[t]en minutes tops" as the officers "were just taking a quick sweep of everything to make sure nobody was there." Appellant then consented to a full search of his house, during which additional marijuana was found.

After the trial court denied appellant's initial motion to suppress, and the first trial ended by mistrial, appellant moved

the trial court to hear further evidence in support of a renewed motion to suppress.  Appellant supported the motion for rehearing on the basis "[t]hat since [appellant's] original suppression motion was heard . . . an eye-witness to [appellant's] arrest, not then known to the [appellant], has been identified and interviewed by the defense."

Appellant's request for the rehearing was heard on May 31, 1994.  Appellant's counsel gave the following reason for wanting to reopen the suppression matter:

> Your Honor, at the motion to suppress on February 28th I came into the courtroom prepared to argue a suppression motion based on the fact that my client was outside when he was arrested.  If you look at Page 4 and 5 of the motion, the transcript, you will see I was taken by surprise when I was told that the evidence was going to show that the entire arrest took place inside the house.  Because I was totally unaware of this at the motion to suppress, I did not have any evidence to refute this.  Since that time I have found several witnesses that say contrary to the fact; that the arrest took place inside the house.  I would like the court to reopen this hearing so I can put on testimony to the contrary.

The trial court denied appellant's motion to rehear.

Appellant proffered that the officers' testimony at the suppression hearing did not accurately depict the events as they occurred at the time of his arrest and their search of his premises.  Appellant stated that when he answered the door in response to the trooper's knock he stepped outside and closed the door behind him, and it was at that point that the troopers

arrested him.  Appellant further stated that the officers then searched his car, after which he "asked them was it possible for us to go in because I'm pretty embarrassed that all the kids are watching."  Appellant also proffered that he was fully dressed while he was outside, and that, as to length of time, he was outside with the troopers for "a while."  Appellant admitted on cross-examination that he was fully prepared to testify to these facts at the first suppression hearing, but his counsel told him not to.

Appellant contends, on the principles of after-discovered evidence, that he was entitled to a rehearing of his motion to suppress because at the time of the initial suppression hearing he did not know there were witnesses who could corroborate his testimony.  We disagree.

A motion for a new trial based on after-discovered evidence will not be granted unless four requirements are met: (1) the evidence was obtained after trial; (2) it could not have been obtained prior to trial through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative, or collateral; and (4) it is material and should produce an opposite result at another trial.  Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983).  Motions for new trials based upon after-discovered evidence are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and caution, and are awarded with

- 4 -

great reluctance.  Stockton v. Commonwealth, 227 Va. 124, 149, 314 S.E.2d 371, 387, cert. denied, 496 U.S. 873 (1984).  Here, appellant conceded that at the time of the initial suppression hearing he already knew what he now asserts was after-discovered evidence.  We find no abuse of the trial court's discretion in denying a second hearing founded upon the principle of after-discovered evidence.

Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

Affirmed.